1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF
SHOGAKUKAN, INC., et al.,

Applicant.

Case No.  21-mc-80071-SVK

**ORDER ON EX PARTE APPLICATION
FOR ORDER PURSUANT TO 28 U.S.C.
§ 1782 PERMITTING DISCOVERY
FOR USE IN FOREIGN PROCEEDING**

Re: Dkt. No. 1

Before the Court is the *ex parte* application of Shogakukan, Inc. ("Shogakukan") and

Shueisha Inc. ("Shueisha") (collectively, "Applicants") for an order pursuant to 28 U.S.C. § 1782

authorizing service of subpoenas for documents on PayPal Holdings, Inc. ("PayPal"), MasterCard

Incorporated ("Mastercard"), Mastercard International Incorporated ("Mastercard International"),

and Google, LLC ("Google").  Dkt. 1.  Shogakukan and Shueisha are publishers in Tokyo, Japan

that publish a wide variety of genres and mediums, including comic books, literature, magazines,

and educational books.  *Id.* at 2; Dkt. 3 (Declaration of Hiroyuki Nakajima) ¶ 4.  Applicants

request permission to subpoena information relating to specific accounts of users who illegally

copied and uploaded extensive amounts of Applicants' copyrighted comic books on their pirate

websites.  Dkt. 1 at 1.  Applicants intend to bring a lawsuit in Japan or Vietnam as soon as the

person's identity has been ascertained through discovery. Dkt. 1 at 5; Dkt. 3 ¶ 7, 10; Dkt. 4

(Declaration of Doan Thanh Ha) ¶ 1.

The Court **GRANTS** Applicants' section 1782 application for the reasons and on the

conditions discussed below.

I.      **BACKGROUND**

Shogakukan and Shueisha are well-known publishers in Tokyo, Japan.  Dkt. 1 at 2; Dkt. 3

¶ 4.  Applicants publish a wide variety of genres and mediums, including comic books, literature, magazines, and educational books. Dkt. 1 at 2; Dkt. 3 ¶ 4.  Unknown users (the "Infringers") uploaded an extensive amount of unauthorized copies of the Applicants' copyrighted comic books on their websites (the "Infringing Work") located at https://manga1000.com, https://manga1001.com, http://kisslove.net/, https://lhscan.net/, https://loveheaven.net, and https://lovehug.net/.  Dkt. 1 at 2; Dkt. 3 ¶ 5.  According to Hiroyuki Nakajima ("Nakajima"), Applicants' Japanese attorney, the Infringing Work constitutes copyright infringement under Japanese law.  Dkt. 1 at 2; Dkt. 3 ¶ 6.  Applicants intend to bring a lawsuit in Japan, or potentially in Vietnam, against the Infringers after their identities have been ascertained.  Dkt. 1 at 2, 5; Dkt. 3 ¶ 7; Dkt. 4 ¶ 1.

Applicants first attempted to obtain the Infringers' identifying information through subpoenas issued under 17 U.S.C. § 512(h) from Cloudflare, Inc. ("Cloudfare"), which provided online and network services to the Infringers.  Dkt. 1 at 3; Dkt. 3 ¶ 9.  However, Nakajima and Doan Thanh Ha ("Ha"), Applicants' Vietnamese attorney, contend that because Cloudfare does not verify the identity of a service user, the name or address produced does not necessarily reveal the true identity of the Infringers.  Dkt. 1 at 3; Dkt. 3 ¶ 9; Dkt. 4 ¶ 4.  Cloudfare's responses to the subpoenas revealed that the Infringers used the services provided by PayPal, Mastercard, Mastercard International, and Google.  Dkt. 1 at 3; Dkt. 3 ¶ 9; Dkt. 4 ¶ 4.  Ha indicates that the IP addresses produced belong to Vietnam Posts and Telecommunications Group and Vietnam Telecom National.  Dkt. 1 at 3; Dkt. 3 ¶ 10; Dkt. 4 ¶ 4.  However, Ha contends that there is no legal remedy available in Vietnam for a third-party company to obtain identifying information of the users from telecommunication companies based on copyright infringement.  Dkt. 1 at 3; Dkt. 3 ¶ 10; Dkt. 4 ¶ 4.  As a result, Applicants seek to obtain additional and more reliable information, including names, addresses, telephone numbers, email addresses, and IP addresses used and registered by the Infringers with their respective accounts.  Dkt. 1 at 3; Dkt. 3 ¶¶ 8, 11-12; Dkt. 4 ¶ 4.

## II.     LEGAL STANDARD

A district court may order the production of documents or testimony for use in a foreign

2

1   legal proceeding under 28 U.S.C. § 1782 as long as the disclosure would not violate a legal

2   privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249

3   (2004).  An application may invoke the statute where (1) the discovery is sought from a person

4   residing in the district of the court to which the application is made; (2) the discovery is for use in

5   a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

6   an "interested person."  28 U.S.C. § 1782(a).

7       A district court is not required to grant an application that meets the statutory criteria, but

8   instead retains discretion to determine what discovery, if any, should be permitted.  *Intel*, 542 U.S.

9   at 264.  Several factors guide the Court's decision on a section 1782(a) request:

10          (1) whether "the person from whom discovery is sought is a participant in the foreign

11              proceeding;"

12          (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad,

13              and the receptivity of the foreign government or the court or agency abroad to U.S.

14              federal-court judicial assistance;"

15          (3) whether the request "conceals an attempt to circumvent foreign proof-gathering

16              restrictions or other policies of a foreign country or the United States;" and

17          (4) whether the discovery requested is "unduly intrusive or burdensome."

18   *Id.* at 264-65.  The party seeking discovery need not establish that the information sought would

19   be discoverable under the governing law in the foreign proceeding or that United States law would

20   allow discovery in an analogous domestic proceeding.  *Id.* at 247, 261-63.

21       A district court's discretion is guided by the twin aims of section 1782: providing efficient

22   assistance to participants in international litigation and encouraging foreign countries by example

23   to provide similar assistance to our courts.  *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376

24   F.3d 79, 84 (2d Cir. 2004).

25       Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis,

26   since "parties will be given adequate notice of any discovery taken pursuant to the request and will

27   then have the opportunity to move to quash the discovery or to participate in it."  *IPCom GMBH &*

28   *Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of*

United States District Court
Northern District of California

1   *Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,

2   2010)) (internal quotation marks omitted).  "Consequently, orders granting § 1782 applications

3   typically only provide that discovery is 'authorized,' and thus the opposing party may still raise

4   objections and exercise its due process rights by challenging the discovery after it is issued via a

5   motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex*

6   *parte*."  *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL

7   1161568, at *2 (N.D. Cal. Mar. 24, 2016).

8          Unless the district court orders otherwise, the discovery authorized by the court must be

9   obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re*

10  *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

11  Cir. 1994).

12  **III.    DISCUSSION**

13         **A.    Statutory Requirements**

14         Applicants' application satisfies the statutory requirements of section 1782(a).  First, the

15  subpoenas seek discovery from PayPal, Mastercard, Mastercard International, and Google, which

16  are located in this District.  Dkt. 1 at 4.  Second, Applicants request this discovery for use in a civil

17  action for copyright infringement that it intends to file in Japan or potentially in Vietnam as soon

18  as it learns the identity of the Infringers.  Dkt. 1 at 2, 5; Dkt. 3 ¶ 6, 7, 10; Dkt. 4 ¶ 1.  This

19  proceeding before a foreign tribunal appears to be within reasonable contemplation.  *See Intel*, 542

20  U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within

21  reasonable contemplation).  Third, Applicants, as the putative plaintiffs in the contemplated civil

22  action, are interested persons within the meaning of the statute.  Dkt. 1 at 5.

23         **B.    *Intel* Factors**

24         Although Applicants' application satisfies the statutory requirements, the Court must also

25  determine whether judicial assistance is appropriate by considering the *Intel* factors.

26                **1.    Participation of Target in the Foreign Proceeding**

27         The first factor considers whether the person from whom discovery is sought is a party to

28  the foreign proceeding.  *Intel*, 542 U.S. at 247.  However, "the key issue is whether the material is

United States District Court
Northern District of California

4

1    obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3

2    (internal quotation marks and citation omitted).

3         According to the application, PayPal, Mastercard, Mastercard International, and Google

4    will not be parties to the civil action Applicants plan to bring in Japan or Vietnam. Dkt. 1 at 6.

5    The documents Applicants seek are located in the United States, and Applicants contend the

6    information sought is out of Japan's and Vietnam's tribunal reach. *Id.* Under these

7    circumstances, the Court finds that there is a need for assistance pursuant to section 1782, so this

8    factor weighs in favor of permitting discovery.

9              **2.      Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

10        This factor requires the Court to consider "the nature of the foreign tribunal, the character

11   of the proceedings underway abroad, and the receptivity of the foreign government or the court or

12   agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor

13   focuses on whether the foreign tribunal is willing to consider the information sought." *In re*

14   *Varian Med. Sys.*, 2016 WL 1161568, at *4 (citation omitted). "[I]f there is reliable evidence that

15   the foreign tribunal would not make any use of the requested material, it may be irresponsible for

16   the district court to order discovery, especially where it involves substantial costs to the parties

17   involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)).

18   Courts have denied requests for discovery where the foreign tribunal or government expressly

19   states it does not want the assistance of a United States federal court under section 1782. *See, e.g.*,

20   *Schmitz*, 376 F.3d at 84-85 (affirming denial of section 1782 request where German government

21   expressly objected to the information sought due to concerns it would jeopardize an ongoing

22   German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. of*

23   *Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor

24   weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief

25   stating it had no need or use for requested discovery).

26        Here, Applicants represent that Japanese and Vietnamese courts have been receptive in

27   other matters to assistance in discovery from the United States. Dkt. 1 at 6; Dkt. 4 ¶ 5. In the

28   absence of evidence that Japanese and Vietnamese courts would object to Applicants' discovery of

United States District Court
Northern District of California

the information sought in the subpoenas, or that Japanese or Vietnamese courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoenas.

### 3. Circumvention of Proof-Gathering Restrictions

This Court must next consider whether Applicants' request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (internal quotation marks and citation omitted). Courts have found that this factor weighs in favor of discovery when there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Applicants support the application with the declarations of Nakajima, an attorney for Applicants who is licensed to practice law in Japan, and Ha, an attorney for Applicants who is licensed to practice law in Vietnam. Dkt. 1 at 7; Dkt. 3 ¶ 1; Dkt. 4 ¶ 1. Nakajima states that he is not aware of any restrictions or policies under Japanese law that would limit the gathering of the evidence Applicants seek here. Dkt. 3 ¶ 19. Ha also states that he is not aware of any restrictions or policies under Vietnamese law that would limit the gathering of the evidence Applicants seek here. Dkt. 4 ¶ 5. In the absence of contrary information regarding the procedures acceptable to a Japanese or Vietnamese Court for identifying the account users, the Court concludes that this factor also weighs in favor of discovery.

### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Applicants' proposed subpoenas to PayPal (Dkt. 6-4), Mastercard (Dkt. 6-3), Mastercard International (Dkt. 6-2), and Google (Dkt. 6-1) seek documents identifying the users of the respective accounts associated with the Infringing Work.

United States District Court
Northern District of California

1   Dkt. 1 at 1-2, 7-8.  The Court will address the subpoenas in turn below.

2                                    **a.      Google Subpoena**

3          Applicants' proposed subpoena to Google seeks documents showing the most recent

4   information identifying the users of the various accounts relating to the Infringing Work, including

5   "all names, account names, container name, target platform, telephone numbers, addresses

6   (including postal codes and primary, mailing and billing addresses), email addresses, time zone,

7   currency, language, industry category, and business size."  Dkt. 6-1.  This subpoena also seeks

8   documents showing "all names, telephone numbers, and mailing and billing addresses of each of

9   all of the payment methods[] (including credit cards and bank accounts) registered with each of

10  [the accounts]" as well as "[a]ll DOCUMENTS showing access log (including dates, times, IP

11  addresses, and access type) of each of [the accounts] during the last three months from and

12  including the date the last access log was recorded in response to this subpoena."  *Id.*

13         Applicants have attempted to narrowly tailor the subpoena to seek only sufficient

14  information to identify the users of the accounts associated with the Infringing Work.  First, the

15  subpoena only seeks the access log for the accounts during the last three months.  Dkt. 6-1.  The

16  subpoena appropriately does not seek the content of any communications associated with the

17  accounts at issue.  Dkt. 1 at 7; *see, e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd. &*

18  *Ors.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of the Stored

19  Communications Act, 18 U.S.C. § 2701 et seq.).  Third, the subpoena only seeks disclosure of

20  names, telephone numbers, and addresses of the person(s) whose credit card and bank account is

21  associated with each of the accounts and does not seek disclosure of credit card numbers or any

22  other sensitive information.  Dkt. 1 at 8; *see In re Med. Corp. H&S*, No. 19-MC-80058-VKD,

23  2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit

24  card information to the card holder's name and address).

25                                   **b.      Mastercard Subpoenas**

26         Applicants' proposed subpoenas to Mastercard International and Mastercard seek

27  documents identifying the users of the account used for payments relating to https://kisslove.net/,

28  including "all names, telephone numbers, addresses (including postal codes and primary, mailing

United States District Court
Northern District of California

1    and billing addresses), email addresses, and language" and "all names, telephone numbers, and

2    mailing and billing addresses of each of all of the payment methods (including credit cards and

3    bank accounts) registered with [the account]."  Dkt. 6-2; Dkt. 6-3.  These subpoenas also seek

4    documents "showing access log (including dates, times, IP addresses, and access type) of [the

5    account] on the following dates: (a) at the time each of the 3 payments (Payment Nos. 1 through

6    3)[1] identified in Exhibit 1; and (b) during the last three months from and including the date the last

7    access log was recorded in response to this subpoena."  Dkt. 6-2; Dkt. 6-3.

8         Applicants have attempted to narrowly tailor the subpoenas to seek only sufficient

9    information to identify the users of the Mastercard credit card and/or its online account associated

10   with the Infringing Work relating to https://kisslove.net/.  First, the subpoenas only seek the access

11   log for the accounts at the time of each of the payments and during the last three months.  Dkt. 6-

12   2; Dkt. 6-3.  The subpoenas appropriately do not seek the content of any communications

13   associated with the accounts at issue.  Dkt. 1 at 7; *see, e.g.*, *Optiver Australia Pty. Ltd. v. Tibra*

14   *Trading Pty. Ltd. & Ors.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing

15   prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.).  Third, the subpoenas

16   only seek disclosure of names, telephone numbers, email addresses, language, and addresses of the

17   person(s) whose credit card is associated with each of the Mastercard accounts and does not seek

18   disclosure of credit card numbers or other sensitive information.  Dkt. 1 at 8; *see In re Med. Corp.*

19   *H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a

20   subpoena for account-user credit card information to the card holder's name and address).

21                        **c.    PayPal Subpoena**

22        Applicants' proposed subpoena to PayPal seeks documents identifying the users of the

23   various accounts relating to the Infringing Work, including "all names, telephone numbers,

24   addresses (including postal codes and primary and billing addresses), email addresses, and

25   language" and "all names, telephone numbers and billing addresses of each of all of the payment

26   methods (including credit cards, bank accounts, and PayPal Credit) registered with [the

27

28   _____

     [1] Exhibit 1 of Dkts. 6-2 and 6-3 appear to only show record of two payments.

United States District Court
Northern District of California

United States District Court
Northern District of California

1 | accounts]." Dkt. 6-4.  The proposed subpoena also seeks documents "showing access log

2 | (including dates, times, IP addresses, and access type) of [each account]" at the time of each of the

3 | payments identified in Exhibits 1-3 of the subpoena, as well as during the last month for Accounts

4 | 1 and 2 or three months for Account 3 "from and including the date the last access log was

5 | recorded in response to this subpoena." *Id.*

6 | Applicants have attempted to narrowly tailor the subpoena to seek only sufficient

7 | information to identify the users of the accounts associated with the Infringing Work.  First, the

8 | subpoena only seeks the access log for the accounts at the time of each of the payments and during

9 | the last month or three months.  Dkt. 6-4.  The subpoena appropriately does not seek the content of

10 | any communications associated with the accounts at issue.  Dkt. 1 at 7; *see, e.g.*, *Optiver Australia

11 | Pty. Ltd. v. Tibra Trading Pty. Ltd. & Ors.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771

12 | (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.).  Third, the

13 | subpoena only seeks disclosure of names, telephone numbers, and addresses of the person(s)

14 | whose credit card, bank accounts, and PayPal Credit is associated with each of the accounts and

15 | does not seek disclosure of credit card numbers or any other sensitive information.  Dkt. 1 at 8; *see

16 | In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15,

17 | 2019) (limiting a subpoena for account-user credit card information to the card holder's name and

18 | address).

19 | The proposed subpoenas appear to be narrowly tailored to seek only information sufficient

20 | to identify the users of the accounts at issue.  Accordingly, subject to the requirements discussed

21 | below, the Court will permit Applicants to serve the proposed subpoenas.

22 | **IV.   CONCLUSION**

23 | Applicants' application meets the statutory criteria for an order authorizing service of the

24 | proposed subpoenas.  In addition, the factors that inform the Court's exercise of its discretion

25 | under *Intel* favor authorizing service of the subpoenas proposed by Applicants.

26 | Accordingly, the Court authorizes service of the subpoenas on PayPal (Dkt. 6-4),

27 | Mastercard (Dkt. 6-3), Mastercard International (Dkt. 6-2), and Google (Dkt. 6-1).  This order

28 | does not foreclose a motion to quash or further modify the subpoenas by PayPal, Mastercard,

United States District Court
Northern District of California

Mastercard International, or Google following service or by the PayPal, Mastercard, Mastercard International, or Google account user(s) whose identifying information is sought.  The Court orders Applicants to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena(s) if they wish:

1.  At the time of the service of the subpoenas, Applicants must also serve a copy of this order on PayPal, Mastercard, Mastercard International, and Google.

2.  Within 10 calendar days of service of the subpoenas and this order, PayPal, Mastercard, Mastercard International, and Google shall notify each of the account users that their identifying information is sought by Applicants and shall serve a copy of this order on each such account user.

3.  PayPal, Mastercard, Mastercard International, or Google and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena(s) (including a motion to quash or modify the subpoena(s)).

4.  If any party contests the subpoena(s), PayPal, Mastercard, Mastercard International, and Google shall preserve, but not disclose, the information sought by the subpoena(s) pending resolution of that contest.

5.  Any information Applicants obtain pursuant to the subpoenas may be used only for purposes of the anticipated action in Japan or Vietnam, and Applicants may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**SO ORDERED.**

Dated: May 10, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

10